IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| POWER FEED-THRU SYSTEMS & CONNECTORS, LLC § § § *Plaintiff*, § vs. § § § SONIC CONNECTORS, LTD § § *Defendant*. § | Case No. 6:18-cv-345 Demand for Jury Trial |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Power Feed-Thru Systems & Connectors, LLC ("PFT") brings this action against Defendant Sonic Connectors, Ltd ("Sonic") and alleges:

**THE PARTIES**

**1.** PFT is a limited liability company organized and existing under the laws of Texas. The President and CEO of PFT is Michael Colescott, an inventor of both patents-in-suit – United States Patents 7,473,129 ("the '129 patent") and 7,455,541 ("the '541 patent"). PFT owns the entire right, title, and interest in these patents via assignment.

**2.** PFT is a Texas based company established in 2005 by Mr. Colescott, who has decades of experience in the oil and gas industry. PFT is in the business of providing the oil and gas industry with high-performance electrical submersible pump connector systems and engineered solutions. PFT manufactures and sells its innovative connectors to companies worldwide in the oil and gas industry, including companies that use PFT's innovative connectors in oil and gas fields in Texas. PFT provides its customers with timely and innovative connector solutions engineered for maximum reliability. PFT is the owner of multiple U.S. patents, including patents related to oilfield connectors.

3. On information and belief, Sonic is a domestic limited partnership organized under the laws of Texas with a principal place of business located at 111 Monticello, Odessa, Texas, and is doing business in Texas and in this judicial district. On information and belief, Sonic may be served through its registered agent, Robert Sims, at 111 Monticello, Odessa, Texas.

4. On information and belief, Sonic was established in 2017, long after PFT was established. Sonic is making, using, importing, offering to sell and/or selling a knock-off connector, referred to as "Speed Feed," that infringes at least one of each of PFT's '129 and '541 patent claims.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

6. Subject-matter jurisdiction over PFT's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

7. Sonic resides in Texas, and within this District, and has solicited business in the State of Texas, transacted business within the State of Texas and/or attempted to derive financial benefit from residents of the State of Texas, including business and/or benefits directly related to the instant patent infringement cause of action set forth herein.

8. Sonic has made, used, sold, offered for sale, and/or imported devices accused of infringement in this Complaint in the State of Texas and in this District, and/or have placed such devices into the stream of commerce, which devices have been offered for sale, sold, and/or used in the State of Texas and in this District.

9. Sonic is subject to personal jurisdiction in Texas and this District, and is doing business in this District. This Court has personal jurisdiction over Sonic.

10. Sonic's business address, 111 Monticello, Odessa, Texas 79763, is an address within this District. Sonic resides in this District. Sonic has committed acts of infringement complained of herein in this District and has a regular and established place of business within this District.

11. Venue as to Sonic, a domestic limited partnership, is proper in this judicial district under 28 U.S.C. § 1400(b).

### CLAIM FOR INFRINGEMENT OF U.S. PATENT 7,473,129

12. PFT incorporates by reference each of the allegations in paragraphs 1-11 above and further alleges as follows.

13. On January 6, 2009, U.S. Patent No. 7,473,129 ("the '129 patent"), entitled "Apparatus and Method for Sealing an Electrical Connector," was duly and legally issued to the inventors, Roy Jackson, Jeffrey Harvill, Sr. and Michael Colescott. Attached as Exhibit 1 is a copy of the '129 patent. The '129 patent has been assigned to PFT. PFT owns all right, title, and interest in the '129 patent, including the right to sue for and recover all past, present and future damages for infringement of the '129 patent.

14. The '129 patent is presumed valid.

15. Sonic, either alone or in conjunction with others, has in the past, and continues to directly infringe, and/or indirectly infringe by contributing to the infringement of, at least claim 1 of the '129 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this District and/or elsewhere in the United States, connectors that are covered by one or more claims of the '129 patent, such as the Sonic Speed Feed connector.

16. On information and belief, customers of Sonic purchase and/or use the Sonic connectors accused of infringement. On information and belief, Sonic assembles the infringing

connectors for and/or on behalf of its customers, and such connectors are used in the oil and gas industry.

17. Should Sonic contend that it alone does not directly infringe the claims of the '129 patent, Sonic contributes to the infringement of the asserted claims of the '129 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling and/or importing in the United States the Speed Feed connector that is a material part of the claimed inventions of the '129 patent, knowing that the connector is especially made or adapted for use in an infringement of the asserted claims of the '129 patent.  On information and belief, the Sonic connector accused of infringement is not a staple article or commodity of commerce suitable for substantial non-infringing use.

18. As an example of Sonic's direct and/or indirect infringement, claim 1 of the '129 patent recites: "A connector comprising: a housing; a seal element within the housing, the seal element having an axial passage therethrough; a plurality of circumferential sealing lips spaced apart along the axial passage and sized such that each of the plurality of circumferential sealing lips provide a compression seal along a cable element inserted through the axial passage; and an insert molded into the seal element, the insert having a conductor boot molded therein.

19. Sonic's accused device is a **connector**.

20. In claim 1 of the '129 patent, the connector comprises "**a housing**."

21. Correspondingly, Sonic's accused connector includes, literally or under the doctrine of equivalents, **a housing**.

22. In claim 1 of the '129 patent, the connector comprises "**a seal element within the housing, the seal element having an axial passage therethrough**."

23. Correspondingly, Sonic's accused connector includes, literally or under the doctrine of equivalents, a seal element within the housing, the **seal element having an axial passage therethrough**.  Below is a picture of the seal element in the Sonic accused connector.



24. In claim 1 of the '129 patent, the connector comprises "**a plurality of circumferential sealing lips spaced apart along the axial passage and sized such that each of the plurality of circumferential sealing lips provides a compression seal along a cable element inserted through the axial passage**."

25. Correspondingly, Sonic's accused connector includes, literally or under the doctrine of equivalents, **a plurality of circumferential sealing lips spaced apart along the axial passage and sized such that each of the plurality of circumferential sealing lips provides a compression seal along a cable element inserted through the axial passage**. Below is a picture of a cut-away of the axial passage of the seal element illustrating the sealing lips in the Sonic accused connector.



26. In claim 1 of the '129 patent, the connector comprises "**an insert molded into the seal element**, the insert having a conductor boot molded therein."

27. Correspondingly, as illustrated in the pictures below, Sonic's accused connector includes, literally or under the doctrine of equivalents, **an insert molded into the seal element, the insert having a conductor boot molded therein**.





28.     Sonic directly and/or indirectly infringes one or more claims of the '129 patent, literally or under the doctrine of equivalents.

29.     Sonic is liable for infringement of the '129 patent pursuant to 35 U.S.C. § 271.

30.     PFT is likely to succeed in its infringement claims on the merits. Also, as a result of Sonic's infringement, PFT has been and continues to be irreparably damaged in the absence of a preliminary relief; the balance of equities tips in PFT's favor; and an injunction is in the public interest. As such PFT requests that Sonic be enjoined by this Court, temporarily and permanently, from committing any acts declared by the Court to constitute infringement under 35 U.S.C § 271.

31.     Pursuant to 35 U.S.C. Section 284, PFT is entitled to recover damages adequate to compensate for Sonic's infringement of the '129 patent.

### CLAIM FOR INFRINGEMENT OF U.S. PATENT 7,455,541

32.     PFT incorporates by reference each of the allegations in paragraphs 1-31 above and further alleges as follows.

33.     On November 25, 2008, U.S. Patent No. 7,455,541 ("the '541 patent"), entitled "Apparatus and Method for Sealing an Electrical Connector," was duly and legally issued to the inventors, Roy Jackson, Jeffrey Harvill, Sr. and Michael Colescott.  Attached as Exhibit 2 is a copy

of the '541 patent. The '541 patent has been assigned to PFT. PFT owns all right, title, and interest in the '541 patent, including the right to sue for and recover all past, present and future damages for infringement of the '541 patent.

34. The '541 patent is presumed valid.

35. Sonic, either alone or in conjunction with others, has in the past, and continues to directly infringe, and/or indirectly infringe by contributing to the infringement of, at least claim 1 of the '541 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this District and/or elsewhere in the United States, connectors that are covered by one or more claims of the '541 patent, such as the Sonic Speed Feed connector.

36. On information and belief, customers of Sonic purchase and/or use the Sonic connectors accused of infringement. On information and belief, Sonic assembles the infringing connectors for and/or on behalf of its customers, and such connectors are used in the oil and gas industry.

37. Should Sonic contend that it alone does not directly infringe the '541 patent, Sonic contributes to the infringement of the asserted claim of the '541 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling and/or importing in the United States a connector that is a material part of the claimed inventions of the '541 patent, knowing that the connector is especially made or adapted for use in an infringement of the asserted claim of the '541 patent. On information and belief, the Sonic connector accused of infringement is not a staple article or commodity of commerce suitable for substantial non-infringing use.

38. As an example of Sonic's direct and/or indirect infringement, claim 1 of the '541 patent recites: "A connector comprising: a substantially cylindrical housing having an internal circumferential groove therein; a seal element disposed within the housing, the seal element having

an axial passage therethrough; a plurality of circumferential sealing lips spaced apart along the axial passage and sized such that each of the plurality of circumferential sealing lips provides a compression seal along a cable element inserted through the axial passage; a follower abutting the seal element; and a spring disposed in the groove acting on the follower, the spring forcing the follower against the seal element to maintain a fluid seal on the cable element..”

39. Sonic's accused device is a **connector**.

40. In claim 1 of the '541 patent, the connector comprises "**a substantially cylindrical housing having an internal circumferential groove therein**."

41. Correspondingly, as illustrated in next photograph included herein, Sonic's accused connector includes, literally or under the doctrine of equivalents, **a substantially cylindrical housing having an internal circumferential groove therein**.  Below is a picture of the substantially cylindrical housing having an internal circumferential groove therein in the Sonic accused connector.



42.     Correspondingly, as illustrated in the photographs included herein, Sonic's accused connector includes, literally or under the doctrine of equivalents, **a housing that is substantially cylindrical, and the housing includes an internal circumferential groove**.

43.     In claim 1 of the '541 patent, the connector comprises "**a seal element disposed within the housing, the seal element having an axial passage therethrough**."

44.     Correspondingly, Sonic's accused connector includes, literally or under the doctrine of equivalents, **a seal element disposed within the housing, and the seal element has an axial passage therethrough**. Below is a picture of the seal element in the Sonic accused connector.



45.     In claim 1 of the '541 patent, the connector comprises "**a plurality of circumferential sealing lips spaced apart along the axial passage and sized such that each of the plurality of circumferential sealing lips provides a compression seal along a cable element inserted through the axial passage**."

46.     Correspondingly, Sonic's accused connector includes, literally or under the doctrine of equivalents, **a plurality of circumferential sealing lips spaced apart along the axial passage and sized such that each of the plurality of circumferential sealing lips provides a compression seal along a cable element inserted through the axial passage**.  Below is a picture of a cut-away of the axial passage of the seal element illustrating the sealing lips in the Sonic accused connector.



47.     In claim 1 of the '541 patent, the connector comprises "**a follower abutting the seal element**."

48.     Correspondingly, as illustrated in the photograph appearing immediately hereafter, Sonic's accused connector includes, literally or under the doctrine of equivalents, a follower abutting the seal element. The picture immediately below illustrates the follower in the Sonic accused connector.



The following picture below illustrates the **follower abutting the seal element** in the Sonic accused connector.



49.     In claim 1 of the '541 patent, the connector comprises "**a spring disposed in the groove acting on the follower, the spring forcing the follower against the seal element to maintain a fluid seal on the cable element**."

50.     Correspondingly, Sonic's accused connector includes, literally or under the doctrine of equivalents**, a spring disposed in the groove acting on the follower, the spring forcing the follower against the seal element to maintain a fluid seal on the cable element**. Below is picture of the spring.



Sonic's accused connector has, literally or under the doctrine of equivalents, a spring disposed in a groove.

51.     In Sonic's accused connector, a spring is **acting on the follower**, literally or under the doctrine of equivalents.

52.     In Sonic's accused connector, a spring is, literally or under the doctrine of equivalents, forcing the follower against the seal element.

53. In Sonic's accused connector, a spring is, literally or under the doctrine of equivalents, forcing the follower against the seal element to maintain a fluid seal on the cable element.

54. Sonic directly and/or indirectly infringes one or more claims of the '541 patent, literally or under the doctrine of equivalents.

55. Sonic is liable for infringement of the '541 patent pursuant to 35 U.S.C. § 271.

56. PFT is likely to succeed in its infringement claims on the merits. Also, as a result of Sonic's infringement, PFT has been and continues to be irreparably damaged in the absence of preliminary relief; the balance of equities tips in PFT's favor; and an injunction is in the public interest. As such PFT requests that Sonic be enjoined by this Court, temporarily and permanently, from committing any acts declared by the Court to constitute infringement under 35 U.S.C § 271.

57. Pursuant to 35 U.S.C. Section 284, PFT is entitled to recover damages adequate to compensate for Sonic's infringement of the '541 patent.

## PRAYER FOR RELIEF

WHEREFORE, PFT prays for entry of judgment that:

A. Sonic has directly infringed the '129 and '541 patents;

B. PFT be granted a preliminary and permanent injunction against Sonic, and that Sonic be enjoined, through a preliminary and permanent injunction, from further infringement of the '129 and '541 patents;

C. Orders Sonic's partners, agents, employees, representatives, successors, assigns, parent companies, subsidiaries and all other related entities, if any, as well as those in privity with Sonic and those who have acted in concert with Sonic from further infringement of the '129 and '541 patents;

 **D.** PFT be awarded all damages caused by Sonic's infringement of the '129 and '541 patents, but in no event less than a reasonable royalty;

 **E.** PFT be adjudged, upon finding of prerequisite facts, to have willfully infringed claims of at least one of the '129 and '541 patents, and therefore assessed enhanced damages pursuant to 35 U.S.C § 284.

 **E.** PFT be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Sonic's patent infringement;

 **F.** Finding that this an exceptional case under 35 U.S.C § 285 against Sonic, entitling PFT to recovery of its attorney's fees;

 **G.** PFT be granted its reasonable attorneys' fees;

 **H.** Costs be awarded to PFT; and,

 **I.** PFT be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

PFT demands trial by jury on all claims and issues so triable.

         Respectfully submitted,

Dated: November 20, 2018  By: /davidghenry/
         David G. Henry, Sr.
         State Bar No. 09479355
         GRAY REED & MCGRAW LLP
         1300 Post Oak Blvd.
         Suite 2000
         Houston, Texas 77056
         (254) 744-4724
         (866) 593-1933 (Fax)
         dghenry@grayreed.com

         ATTORNEYS FOR PLAINTIFF,
         POWER FEED-THRU SYSTEMS
         & CONNECTORS, LLC